904 F.2d 700
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlos Enrique OLMEDO, Petitioner-Appellant,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent-Appellee.
 No. 89-2852.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 16, 1990.
Decided: May 24, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-89-477-R).
 Syed I. Hyder, Richmond, Va., for appellant.
 Stuart M. Gerson, Assistant Attorney General; Robert Kendall, Jr., Assistant Director; Jill E. Zengler, Mark C. Walters, Stewart Deutsch, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carlos Enrique Olmedo appeals from the district court order denying his petition for naturalization under section 316(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1427(a). Because the court's findings have ample support in the record, we affirm.
 
 
 2
 * Mr. Olmedo, a native and national of Equador, filed a petition for naturalization under section 316(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1427(a). A naturalization examiner interviewed Olmedo under oath. Olmedo read and signed a written summary of his oral responses, which stated:
 
 
 3
 I Carlos Enrique Olmedo state that I have no relatives other than my wife and stepson currently in the United States. All of my immediate family are living in Ecuador except one sister living in Brazil. I have never helped any one enter the U.S. illegally nor am I now or have I at any time in the past harbored anyone in the U.S. who was illegal. My brother, Santiago is supposedly in the U.S. at this time but I do not know where he is at this time.
 
 
 4
 Two days before the interview, Olmedo's wife told the examiner that Olmedo worked with his brother at a machine shop in Richmond and was helping him remain unlawfully in the United States. She later signed a sworn statement that her husband had not told the truth to the examiner. Olmedo's brother signed a sworn statement that he worked with his brother in Richmond.
 
 
 5
 The examiner concluded that Olmedo had falsely testified and recommended that the district court deny the petition for naturalization. At a hearing before the district court, Olmedo testified that although he did not know his brother's address, he knew his brother lived in the Richmond area at the time of the interview, that he worked with his brother, and that he knew his brother was illegally in the United States. The district court found that Olmedo had made false statements to the examiner with the intent to obtain benefits under the Immigration and Nationality Act and denied Olmedo's petition for naturalization.
 
 II
 
 6
 Section 316(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1427(a), requires that an alien seeking naturalization establish that he or she is a person of good moral character during the five years immediately preceding the filing of the petition. Under section 101(f)(6) of the Act, 8 U.S.C. Sec. 1101(f)(6), a person who has given false testimony for the purpose of obtaining any benefits under the Act may not be found to be a person of good moral character. The alien has the burden to show his eligibility for citizenship. Berenyi v. District Director, INS, 385 U.S. 630, 637 (1967). The district court's finding that Olmedo gave false testimony is a factual finding subject to a clearly erroneous standard of review. Fed.R.Civ.P. 52(a).
 
 
 7
 Olmedo contends that the district court's finding that he testified falsely about whether he knew the whereabouts of his brother is a clearly erroneous interpretation of his statement. He argues that he did not know where his brother was at the particular moment of the interview; hence, the statement "I do not know where he is at this time" was true.
 
 
 8
 This narrow, literal interpretation of the language is implausible and has no basis in the record. We hold that the district court's finding that Mr. Olmedo gave false testimony is fully supported by the evidence.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and oral argument would not aid the decisional process.
 
 AFFIRMED